**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Garrett, | No. CV-22-00358-TUC-RCC |
| Plaintiff, | **ORDER CERTIFYING A CLASS** |
| v. | |
| SCVRH LLC, | |
| Defendant. | |

Plaintiff alleges that on July 20, 2022, Defendant Santa Cruz Valley Regional Hospital LLC ("SCVRH") terminated approximately 300 employees without proper notice and failed to pay earned paid time off in violation of the Worker Adjustment Retraining and Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.* and the Arizona Wage Act ("AWA"), A.R.S. § 23-350 et seq. (Doc. 1.) The Parties agree that a class action is appropriate but disagree as to the description of the Class and the content of the Notice.

**I. CLASS DEFINITION**

Plaintiff asks the Court to certify the class as follows:

Plaintiff and other similarly situated former employees, (i) *who worked at or reported to Defendant's Facility* and were terminated without cause on or about July 22, 2022, and within 90 days of that date, (ii) or who were terminated without cause as the *reasonably foreseeable consequence* of the *mass layoff and/or plant closing* ordered by Defendant on or about July 22, 2022, (iii) who are *affected employees*, within the meaning of 29 U.S.C. § 2101(a)(5), and (iv) who have not filed a timely request to opt-out of the class.

(Doc. 18 at 8 (emphases added).)

SCVRH proposes the following definition for the class:

Plaintiff Stephanie Garrett and other former employees of SCVRH LLC dba "Santa Cruz Valley Regional Hospital," who (i) did not retire or voluntarily resign from their employment at Santa Cruz Valley Regional Hospital, and (ii) were terminated without cause on July 22, 2022, or within 90 days before or after July 22, 2022, and (iii) who have not timely filed a request to opt out of the class.

(Doc. 19 at 8.)

The Court addresses SCVRH's proposed alterations in turn.

### 1) *Refer to the "Hospital" rather than "Defendant's Facility" and do not distinguish between employees who "worked at" and those who "reported to" the Hospital*

Plaintiff's reply concedes that the terms "are equivalent" and "either will do." (Doc. 20 at 3.) The Class will therefore include employees who "worked at" the "Santa Cruz Valley Regional Hospital."

### 2) *Exclude employment loss due to resignation or retirement*

Defendant claims employees who resigned or retired during the designated time should be excluded from the Class under the plain language of the WARN Act. (Doc. 19 at 7.) Plaintiff argues exclusion is not appropriate because this is a mixed question of law and fact that cannot be determined at the notice stage. (Doc. 20 at 5.)

Employers must calculate employment loss to "define[] those affected employees to whom 60-days' notice must be given under 29 U.S.C. § 2102(a)." *Collins v. Gee W. Seattle LLC*, 631 F.3d 1001, 1005 (9th Cir. 2011); *see* 29 U.S.C. §§ 2101(a)(2)–(3). "'[E]mployment loss' means [] an employment termination, other than a discharge for cause, voluntary departure, or retirement . . . ." 29 U.S.C. § 2101(a)(6). However, "an employee departing a business because that business was closing has not 'voluntarily departed' within the meaning of the [WARN] Act." *Collins*, 631 F.3d at 1008.

The Court finds the exiting of an employee who resigned or retired after discovering the hospital's closure is not a voluntary departure or retirement and should not be excluded from the Class.

### 3) *Define whether the triggering event was a "mass layoff" or a "plant closing"*

Defendant argues the Class description must define whether the triggering event was a mass layoff or a plant closing. (Doc. 19 at 6.) Plaintiff agrees the event must eventually be designated one or the other but claims this is more appropriately decided after merits discovery. (Doc. 20 at 4.)

The Court agrees with Plaintiff. Plaintiff has alleged either/or occurred. (Doc. 1 at 4.) Whether Plaintiff has shown the terminations were due to a mass layoff or a plant closing are factual and legal determinations more appropriately addressed after discovery. This is particularly true since the parties disagree about the number of affected employees, and a plant closing requires 50 or more affected employees, while a mass layoff requires either (a) 33% of employees and at least 50 people, or (b) 500 employees. 29 U.S.C. §§ 2101(a)(2)–(3). The Class definition will therefore refer to both.

### 4) *Exclude employees "who were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing" and "affected employees"*

Defendant argues that "the WARN Act does not require notice in advance of terminations that are purportedly the 'reasonably foreseeable consequence' of a covered employment loss . . . ." (Doc. 19 at 6.) First, Defendant believes including "reasonably foreseeable layoffs" would erroneously include "employee[s] who freely elected to resign to pursue other employment opportunities or an employee who separated more than 90 days after the [triggering event]." (*Id.* at 7.) Second, Defendant claims that "affected employees" only applies to *prospective* plant closings and mass layoffs and since the Hospital closed in July 2022, "analyzing who may still reasonably be expected to experience an employment loss in the future" is unnecessary. (*Id.* at 7–8.)

Plaintiff believes Defendant's concerns are unfounded because under Ninth Circuit case law those who resigned after learning of the closure should be included in the Class; the Class definition is limited to employees terminated within 90 days of July 22, 2022, and only "affected employees" can recover under the WARN Act. (Doc. 20 at 5–6.)

Under the WARN Act, employers are required to provide 60 days written notice to

affected employees prior to a plant closing or mass layoff. 29 U.S.C. § 2102(a)(1). "[T]he term 'affected employees' means employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." 29 U.S.C. § 2101(a)(5).

As noted previously, employees who resigned or retired after learning of the hospital's closure are part of the Class. *See Collins*, 631 F.3d at 1008. Moreover, the Class is limited to 90 days before and after the triggering event. Defendant's first objection, therefore, is unfounded.

Second, only affected employees can be putative Class members. Therefore, the Court finds including affected employees is appropriate. However, the use of "affected employees" renders inclusion of those "who were terminated as the reasonably foreseeable consequence of the mass layoff and/or plant closing" a superfluous addition to the language defining the Class.

### 5) *Time limitation for those terminated "as the reasonably foreseeable consequence of the mass layoff and/or plant closing"*

Defendant asks that "reasonably foreseeable" layoffs include a defined date range. (Doc. 19 at 5.) This concern is resolved with the elimination of employees whose termination was reasonably foreseeable and the 90-day limit before and after the triggering event.

Given the aforementioned, the Class definition will include:

> Plaintiff and other similarly situated former employees who (i) worked at Santa Cruz Valley Regional Hospital ("SCVRH LLC" or the "Hospital"); (ii) were terminated without cause on July 22, 2022, or within ninety (90) days before or after July 22, 2022, as part of, or as the result of, a mass layoff or closing; (iii) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5); and (iv) have not filed a timely request to opt-out of the class.

## II. NOTICE OF CLASS ACTION

Under Federal Rule of Civil Procedure 23, a notice of class action must:

> [C]learly and concisely state in plain, easily understood language:
> (i) the nature of the action;

- 4 -

      (ii) the definition of the class certified;
      (iii) the class claims, issues, or defenses;
      (iv) that a class member may enter an appearance through an attorney if the member so desires;
      (v) that the court will exclude from the class any member who requests exclusion;
      (vi) the time and manner for requesting exclusion; and
      (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23.

Defendant agrees to sending the Notice of Class Action to the putative Class members via U.S. Mail but objects to the content of the Notice. Defendant raises six arguments against the proposed Notice. The Court has considered Defendant's arguments and concludes the following.

### 1) *Number of Class Members*

First, Defendant claims the number of potential Class members is incorrect. (Doc. 19 at 8.) Plaintiff says the number was "based on the information available to her at the time" and believes "discovery will clarify the number of terminated employees." (Doc. 20 at 6 n.6.)

The Court finds the number of class members is unnecessary for proper Notice.

### 2) *Defendant's Notice Under WARN Act*

Second, Defendant claims Plaintiff's proposed Notice excludes the WARN Act notice Defendant sent on June 20, 2022. (Doc. 19 at 8.) Plaintiff argues that the WARN Act notice should not be referenced because the proposed Notice indicates that putative Plaintiffs were informed on July 21, 2022 that they were to be terminated. (Doc. 20 at 6.) The Federal Rules only require reference to the nature of the action and the claims, Plaintiff contends, and additional alleged facts are unnecessary for the Notice. (*Id.*)

Because the earlier June 20, 2022 warning is relevant to the claims and defenses, the Court has incorporated the WARN Act notice sent on June 20, 2022.

### 3) *Defendant's Defenses*

Third, Defendant believes the Notice is biased because it does not represent Defendant's position on paid time off ("PTO") payment or Defendant's defenses. (Doc. 19

- 5 -

at 8.) Defendant believes there should be context to its position "that SCVRH asserts a good faith defense to Plaintiff's treble damages demand." (*Id.*) Plaintiff counters that the Notice includes Defendant's defenses briefly and needs no further explanation. (Doc. 20 at 8.)

The Court will include Defendant's language because it clearly and concisely addresses Defendant's defenses.

### 4) *Legalese*

Fourth, where the Notice does address defenses, Defendant asserts the legalese creates bias and fails to be clear and concise as required by the Federal Rules. (Doc. 19 at 8.)

The Court has adjusted the Notice where legalese obscures the clarity of the Notice.

### 5) *Statutory References*

Fifth, the Notice has too many acronyms and statutory references, Defendant asserts, and would prompt potential class members to inappropriately contact Plaintiff's counsel. (Doc. 19 at 8.) Plaintiff responds that contacting Class counsel is not inappropriate, and that to limit counsel's ability to interact with putative Class members requires specific reasons for the limitation, something Defendant has not provided. (Doc. 19 at 9 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).) If contacted, Plaintiff states counsel will observe its fiduciary duty and respond appropriately. (*Id.*)

The Court has eliminated unnecessary and repetitive acronyms or statutory references. However, there is no reason to believe that the Notice will result in inappropriate contact with Class Counsel.

### 6) *Opt-Out*

Sixth, Defendant objects to placing the financial burden on putative Class members to mail in opt-out forms rather than allowing opt-out through text or email. (Doc. 19 at 8.) Defendant proposes that Plaintiff include self-addressed, stamped envelopes to send opt-out forms and also allow opt-out through email. (*Id.* at 10.) Defendant would like an opt-out deadline of March 31, 2023. (*Id.*) Plaintiff states that the mail-in system is standard, electronic means are unreliable, the cost is minimal, requiring a more burdensome method

of opting out is advisable, and Plaintiff does not expect many opt-outs. (Doc. 20 at 9–10.)

It is not unduly prohibitive for a putative Class member to incur the cost of a stamp to opt out. However, the Court finds that email is an equally appropriate measure with no associated expense. The deadline for opt-out forms will be set for thirty (30) days from the mailing of the Notice.

### III.     CLASS REPRESENTATIVE AND CLASS COUNSEL

With no objection (Doc. 19 at 4), the Court appoints Plaintiff Stephanie Garrett as Class Representative and René S. Roupinian as Class Counsel.

**IT IS ORDERED:**

1) **GRANTING** Plaintiff's Motion for Class Certification and Related Relief. (Doc. 18.)
2) A class (the "Class") is certified comprised of Plaintiff and other similarly situated former employees who (i) worked at Santa Cruz Valley Regional Hospital ("SCVRH LLC" or the "Hospital"); (ii) were terminated without cause on July 22, 2022, or within 90 days before or after July 22, 2022, as part of, or as the result of, a mass layoff or closing; (iii) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5); and (iv) have not filed a timely request to opt-out of the class.
3) René S. Roupinian of RaisnerRoupinian LLP is **APPOINTED** Class Counsel.
4) The attached form of Notice to the Class is **APPROVED**. The Notice is found to constitute sufficient notice to all Class members in compliance with the notice requirements of Fed. R. Civ. P. 23.
5) Within **ten (10) business days** after the entry of this Order, Defendant shall provide Class Counsel with the names and addresses of the Class members as noted in Defendant's records.
6) On or before **ten (10) business days** after receipt from Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the attached Notice to all Class members to their last known address as disclosed in Defendant's records.
7) After mailing the Notice to all Class Members, Class Counsel shall serve and file a

sworn statement affirming compliance with this Order.

8) The deadline for any Class Member to opt-out of the Class shall be **thirty (30) days** from the date of mailing of the Notice.

9) After the opt-out deadline has expired, Class Counsel shall serve and file a sworn statement including the names of any persons who have opted out of the Class.

Dated this 2nd day of March, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge

## NOTICE OF CLASS ACTION LAWSUIT
## PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS

### WHY AM I RECEIVING THIS NOTICE?

This Notice is to alert you to a lawsuit that has been filed by Stephanie Garrett, RN, a former hospital employee, against SCVRH LLC dba Santa Cruz Valley Regional Hospital ("Hospital"). The lawsuit is pending in the United States District Court for the District of Arizona, and is captioned *Stephanie Garrett et al. v. SCVRH LLC*, Case No. 4:22-cv-00358-RCC ("Lawsuit"). Ms. Garrett alleges her rights and the rights of Class Members were violated under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* and Arizona Wage Act ("AWA"), A.R.S. § 23-350 *et seq.* Ms. Garrett is seeking to recover wages and benefits for each Class Member. Ms. Garrett brought the Lawsuit on behalf of herself and a class of similarly situated employees who were affected by terminations without cause within ninety (90) days of July 22, 2022.

You are being notified of the Lawsuit so you can decide whether to (i) remain a Class Member, in which case you will be represented by Class Counsel (defined below) and be bound by the results of the Lawsuit, or (ii) opt out of the Class, in which case your right to pursue legal relief remains intact.

### WHAT IS THE LAWSUIT ABOUT?

Ms. Garrett asserts claims against Santa Cruz Valley Regional Hospital, alleging that she and other employees of the Hospital did not receive notice sufficiently in advance of their discharges as required by the WARN Act. Ms. Garrett seeks to recover back pay for the period in which she alleges employees were not provided sufficient notice of termination, as well as the value of benefits she alleges would have been provided during the notice period. Ms. Garrett also alleges that she and other employees did not receive their paid time off balances at the time of their termination as required by the AWA. She

therefore seeks to recover paid time off wages and related damages. The Hospital denies these claims, as more specifically addressed below.

**WHAT ARE THE CLAIMS AND DEFENSES?**

SCVRH LLC previously operated and did business as Santa Cruz Valley Regional Hospital, a full-service acute care facility at 4455 S. I-19 Frontage Road, Green Valley, Arizona. On June 20, 2022, the Hospital provided written notice to its employees that it expected to cease operations, and therefore would be terminating the employment of most of its employees on August 20, 2022. On July 21, 2022, the Hospital notified its employees that many of them would be permanently discharged without cause on July 22, 2022.

On August 11, 2022, Ms. Garrett filed a class action lawsuit against the Hospital, alleging that the mass layoff was carried out without giving notice to the employees sixty (60) days in advance and that the Hospital failed to pay its employees earned PTO.

On October 17, 2022, the Hospital answered the Complaint and acknowledged that not all employees received sixty (60) days' advance notice prior to their terminations; however, the Hospital asserts that it is not liable under the WARN Act because the accelerated Hospital closure and employee terminations resulted from unforeseeable business circumstances and that the Hospital gave as much notice as was practicable under the circumstances. The Hospital also maintains that it was actively seeking to complete a sale of the Hospital sixty (60) days before the terminations and that it reasonably and in good faith believed that issuing notices sooner would have prevented the Hospital from completing the transaction, which it reasonably believed would postpone or prevent the layoffs. The Hospital also disputes the amount of paid time off damages claimed by Ms. Garrett and the putative class.

**WHO ARE THE POTENTIAL CLASS MEMBERS?**

The Court has certified this Lawsuit as a class action. The Court defines the Class as follows:

> Plaintiff and other similarly situated former employees who (i) worked at Santa Cruz Valley Regional Hospital (SCVRH LLC); (ii) were terminated without cause on July 22, 2022, or within ninety (90) days before or after

July 22, 2022, as part of, or as the result of, a mass layoff or closing; (iii) are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5); and (iv) have not filed a timely request to opt-out of the class.

**WHAT TO DO NEXT?**

**1. If you DO want to be a Class Member:**

If you wish to be a member of the class, you do not need to do anything, and you will receive whatever benefits you may be entitled to if you are determined to be eligible as a Class Member. If you are a Class Member, you will be bound by any judgment or Court-approved settlement entered by the Parties – whether favorable or unfavorable. Before Court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. As a Class Member you may choose to appear and be represented by your own counsel.

**2. If you DO NOT want to be a Class Member:**

If you wish to be excluded from the Class, you must sign and return the enclosed opt-out form via U.S. Mail to Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York, 10016, attn: René S. Roupinian, or email the completed opt-out form to René Roupinian at rr@raisnerroupinian.com. The form must be postmarked no later than **[DATE]**. If your opt-out form is received after the deadline, it will not be effective, you will be considered a Class Member, and you will be bound to the same extent as other Class Members. If, however, you timely opt out, you reserve your rights under the WARN Act and Arizona Wage Act, but you will not receive any relief that may be awarded to Class Members in the Lawsuit.

**WHO HAS BEEN APPOINTED AS CLASS REPRESENTATIVE AND CLASS COUNSEL?**

The Court has appointed Stephanie Garrett as the Class Representative. The Class Members are represented by the law firm, Raisner Roupinian LLP, 270 Madison Avenue, New York, New York 10016, (212) 221-1747. If you need additional information or have questions about your participation in the Lawsuit, you may contact René Roupinian of Raisner Roupinian LLP at (212) 221-1747 or email rr@raisnerroupinian.com. Please do

not call or contact the Court, the Hospital, or the Hospital's legal counsel.

### **THE COURT HAS NO POSITION ON THE MERITS**

*The Court has taken no position regarding the merits of the Plaintiff's claims or Defendant's defenses.*

## OPT-OUT FORM

*Garrett v. SCVRH LLC*

United States District Court for the District of Arizona

Case No. 4:22-cv-00358-RCC

I have read the foregoing Notice of Class Action Lawsuit and understand its contents. I **DO NOT** want to be a Class Member in the Lawsuit and **DO NOT** want to be bound by the outcome of the Lawsuit. I understand that I hereby reserve my right to pursue relief separate and apart from the Class certified in the Lawsuit.

Name (printed or type): _____

Signature: _____

Address: _____

Telephone: _____

Date: _____

If you **DO NOT** wish to be included in the Lawsuit, send this completed form to:

Raisner Roupinian LLP

270 Madison Avenue, Suite 1801

New York, New York 10016

Attn: René S. Roupinian

or scan and email a copy of this form to rr@raisnerroupinian.com by [**DATE**].